**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DON FITZGERALD,

      Plaintiff - Appellee,

v.

CAMIEL EARLENE DELLINGER,
Officer, individually and in her
official capacity as a Mustang Police
Officer,

      Defendant - Appellant,

   and

CITY OF MUSTANG, a municipal
corporation,

      Defendant.

No. 01-6268

(D.C. No. 00-CV-501-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, McKAY**, and **MURPHY**, Circuit Judges.

This is an interlocutory appeal pursuant to 28 U.S.C. § 1291 from the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's denial of qualified immunity as a matter of law to Appellant Officer. Appellee Fitzgerald alleges that Appellant Police Officer used excessive force against him when she shot at his vehicle and wounded him while she was pursuing Appellee's truck. The district court determined that there were material issues of disputed fact regarding whether the circumstances warranted Appellant Officer's use of excessive force. Therefore, the district court denied Appellant Officer's motion for summary judgment based on qualified immunity.

Orders denying qualified immunity before trial are appealable only to the extent that they resolve abstract issues of law and do not extend to issues of evidentiary sufficiency. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Johnson v. Jones, 515 U.S. 304, 312-14 (1995); Armijo v. Wagon Mound Public Schools, 159 F.3d 1253, 1258 (10th Cir. 1998); Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997). While this court is not deprived of jurisdiction solely because the district court determined that there are genuine issues of material fact, this court lacks jurisdiction "if our review would require second-guessing [of] the district court's determination of evidence sufficiency." Medina v. Cram, 252 F.3d 1124, 1130 (10th Cir. 2001). Appellant Officer challenges only the district court's determination that Appellee Fitzgerald produced sufficient evidence pertaining to the circumstances surrounding her use of force to send the case to trial. Accordingly, this court lacks jurisdiction to review the district

court's denial of Appellant Officer's motion for summary judgment on the grounds of qualified immunity.

We **DISMISS** for lack of jurisdiction.[1]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]Appellee's motion to substitute brief is granted.